**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOE ANTHONY ALANIZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:22-cv-1991** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| **SHERIFF ED GONZALEZ,** | § | |
| **DEPUTY VANESSA ESQUEDA,** | § | |
| **SGT. ANA ORTIZ,** | § | |
| **DEPUTY MARK CANNON,** | § | |
| **Defendants.** | § | |

**<u>DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S
ORIGINAL COMPLAINT</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "County") files this Motion to Dismiss Plaintiff's Original Complaint pursuant to Rules 12(b) (6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

## Table of Contents

I.     Statement of the Nature and Stage of Proceeding........................................5

II.    Statement of Issues, Summary of Argument ................................................5

    A.    Statement of Issues to be ruled upon by the Court ...................................5

    B.    Summary of Argument....................................................................6

    C.    Standard of Review ......................................................................6

III.   Argument and Authorities.................................................................8

    A.    Alaniz's Claims Against Harris County are Barred by Immunity.............8

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) ...................................................................................................................8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........................................... 6, 7, 8

*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997).........................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)............................. 6, 7, 8

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ......................................8

*City of Oklahoma v Tuttle*, 471 U.S. 808 (1985) ...............................................12

*Connick v. Thompson*, 563 U.S. 51 (2011) ....................................................12

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) ....................................................11

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) .................8

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992)......................................9

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) ........................................................8, 12

*Harvey v. Montgomery Cty, Tex.*, 881 F.Supp.2d 785 (S.D. Tex. Apr. 30, 2012) ..11

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ...................................................6

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) .......................................................7

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).............8, 9

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010).........7

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) .............................................................6

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) .........................9, 10

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) ............................9, 11

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001)...................... 9, 10, 11

*Quinn v. Guerrero*, 863 F.3d 353 (5th Cir. 2017) .....................................................10

*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020) ....................................9

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019)......................................................8

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).............................7, 8

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003) ......................................................................................................7

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010) ...............................................9

**Statutes**

Fed. R. Civ. P. 12(b)(6) ................................................................................................6

Fed. R. Civ. P. 8(a)(2) ..................................................................................................6

## I.  STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1.      This civil rights lawsuit stems from an arrest on May 29, 2020 [Doc. #1-1]. Plaintiff Joe Anthony Alaniz ("Alaniz" or "Plaintiff") alleges he was subjected to an unlawful arrest and excessive force. Alaniz makes general allegations against Harris County [*Id*.].

2.      Harris County contends that all of Alaniz's claims against it should be dismissed because it is cloaked by immunity.  First, the §1983 allegations against Harris County are nothing more than general, conclusory allegations masquerading as factual conclusions of governmental liability [Doc. #1-1, ¶¶40-42; 59-65; 67-71; 74-78].  As such, Alaniz has failed to state any facts to establish a *Monell* claim against Harris County.  Harris County respectfully move this Court to dismiss Alaniz's claims against the County pursuant to Rule 12(b)(6).

## II.  STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

**A.      Statement of Issues to be ruled upon by the Court**

3.      The issues to be ruled upon by the Court are as follows:

(a)     Did Alaniz allege facts that plausibly show:

    (1) A *Monell* claim for which relief could be granted against Harris County?

    (2) An ADA claim for which relief can be granted?

**B.      Summary of Argument**

4.      **Claims against Harris County.**  Mr. Alaniz's civil rights claims are barred because he has not stated any claim against Harris County for which relief is available under 42 U.S.C. §1983. It is clear from the face of Alaniz's pleadings that all claims against Harris County must be dismissed as a matter of law because (a) no official county policy, practice or custom was the moving force or direct cause of the injury complained of by Plaintiff; and (b) he has not pleaded a plausible claim under the Americans with Disabilities Act. Thus, all of Alaniz's claims against Harris County should be dismissed as a matter of law.

**C.      Standard of Review**

6.      **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice.

*Ashcroft,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

7.     To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

8.     "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw*

*v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

9.      "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.      ARGUMENT AND AUTHORITIES

**A.      Alaniz's Claims Against Harris County are Barred by Immunity.**

10.      *Monell* **Claims.**  A governmental entity can be held liable <u>only</u> if its official policy or custom causes a person to be deprived of a federally protected right.  *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978)

(emphasis added). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010).

11.     Thus, to defeat dismissal of a §1983 claim against a governmental entity, a plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). A plaintiff also bears the burden of demonstrating that, "through its <u>deliberate</u> conduct, the [governmental entity] was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.). Deliberate conduct requires the "execution of a government's policy or custom, whether made by its lawmakers or by those who may fairly said to represent official policy." *Monell*, 436 U.S. at 694; *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The standard is a stringent one, and all of the elements must be established to impose liability.

12.     Alaniz here, however, has not alleged any facts to support the essential

elements of a *Monell* claim [Doc. #1-1]. First, he claims the internal affairs division is flawed because "it pits fellow officers against one another." [Doc. #1-1, ¶¶40-42]. Such a claim is premised solely upon speculation. Alaniz next claims Harris County can be liable for civil rights violations under a theory of ratification by practice, custom, culture, procedure and training. [Doc. #1-1, ¶¶73-80]. This is a boilerplate allegation, lacking plausibility. As such, Alaniz has failed to state a claim against Harris County for which relief can be granted and such claims should be dismissed as a matter of law.

13.    Such general allegations fall short of alleging an official policy or custom authorizing unlawful arrests and excessive force necessary to state a *Monell* claim. *See Piotrowski*, 237 F.3d at 578-549; *Pena*, 879 F.3d at 621. "An official policy or custom may be shown either by reference to 'an actual policy, regulation or decision," or an "informal custom that represents municipal policy." *Quinn v. Guerrero*, 863 F.3d 353, 364-365 (5th Cir. 2017) (citation omitted). "The description of [an official] policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena*, 879 F.3d at 622 (citation omitted). Alaniz has therefore, failed to carry his burden of specifically identifying an official policy or custom of Harris County that allegedly caused a violation of his constitutional rights.

15.    Further, the only facts Alaniz alleges with any specificity relate to the use of

force during his arrest and these alleged facts do not plausibly establish an official policy or custom of Harris County. "Isolated unconstitutional actions by [government] employees will almost never trigger liability." *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578). Alaniz has not alleged a factual basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. Rather, he references a single incident involving an allegedly disabled female, Shekeitha Holman – thus failing to allege facts to establish a pattern that equates to an official policy of Harris County [Doc. #1-1, ¶¶69-70]. *See Peterson*, 588 F.3d at 851 ("a pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question"); *see also Culbertson,* 790 F.3d at 629 (affirming dismissal of [government's] liability claim because allegations were limited to the events surrounding the plaintiff). Conclusory allegations are insufficient to establish the existence of an unwritten policy, practice or custom. *See Harvey v. Montgomery Cty, Tex.*, 881 F.Supp.2d 785, 797 (S.D. Tex. Apr. 30, 2012). As a result, Alaniz has not identified a Harris County policy or custom as needed to state a *Monell* claim. Alaniz, therefore, has failed to state a claim against Harris County for which relief can be granted and his §1983 claims against the County should be dismissed as a matter of law.

16.     With regards to the failure to train claim, Alaniz pleads the conclusory allegation, " Harris County and Gonzalez failed to train and supervise its agents, staff, officers, employees and jailers." as the cause of his injuries and nothing more [Doc. 1-1, ¶ 78]. This bare, unsubstantiated allegation is insufficient to meet the pleading requirements of Rule 8. Alaniz has not identified a specific training policy that was inadequate or deficient. Nor has he established a factual basis showing an affirmative link between the training inadequacies or deficiencies and the alleged constitutional violation at issue. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005); *City of Oklahoma v Tuttle*, 471 U.S. 808, 824 (1985). Alaniz just merely speculates that additional or better training is needed, and such is insufficient. *See Connick v. Thompson*, 563 U.S. 51, 68 (2011) ("merely speculating that "additional [or better] training would have been helpful in making difficult decisions does not establish [governmental] liability"). Alaniz has obviously failed to "allege facts that support the elements of the cause of action in order to make out a valid claim" for failure to training. *See Hale*, 642 F.3d at 499. As a result, Alaniz has failed to state a claim against Harris County for which relief can be granted. Alaniz's failure to training claim against the County should be dismissed as a matter of law.

17.     **ADA Claim**. This claim is without merit. The Fifth Circuit holds that "Title II does not apply to an officer's on-the-street responses to reported disturbances or

other similar incidents, whether or not those calls involve subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life." *Hainz v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000). Indeed, by riding his bicycle Alaniz failed to demonstrate any physical disability in the field, and he has not alleged any subsequent act of discrimination based upon a disability. To the extent that Alaniz makes an ADA claim against the Harris County related to his detention in the Harris county jail following his arrest, he has not pleaded a plausible claim.

18.     **Conclusion**. For the reasons stated above, Alaniz has failed to state any claim upon which relief can be granted against Harris County. It is entitled to dismissal of Plaintiff's claims against it as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants HARRIS COUNTY requests that this Court grant this motion to dismiss and grant all other relief to which this defendant is entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
HARRIS COUNTY ATTORNEY

Date: June 27, 2022          By:     */s/ Jim Butt*
                                     JAMES C. BUTT
                                     Assistant County Attorney
                                     ATTORNEY-IN-CHARGE

State Bar No. 24040354
Fed. Bar No. 725423
1019 Congress, 15th Floor
Houston, Texas 77002
Tel: (713) 274-5133 (direct)
Fax: (713) 755-8823
james.butt@harriscountytx.gov

JENNIFER F. CALLAN
Assistant County Attorney
State Bar No. 00793715
Fed. Bar No. 22721
Tel: (713) 274-5146 (direct)
Fax: (713) 755-8823
jennifer.callan@harriscountytx.gov


Harris County Attorney's Office
1019 Congress, 15th Floor
Houston, Texas 77002

**Attorneys for Defendants Harris County
and Sheriff Gonzalez**

## CERTIFICATE OF WORD COUNT

I certify that this document's word count is **2151** excluding caption, tables, signature block and certificates.

*/s/ Jim Butt*

James C. Butt

## CERTIFICATE OF CONFERENCE

I certify that on June 27, 2022, I conferred with U.A. Lewis, attorney for Plaintiff on the relief sought in this motion. Plaintiff was unopposed to the motion to the extent it sought relief from punitive damages. Plaintiff agrees that punitive damages are not recoverable from the County. That section of the motion was therefore deleted. Plaintiff opposes the remaining sections of the motion in its entirety.

*/s/ Jim Butt*

James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

UA Lewis
PO Box 27353
Houston, Texas 77227
Attorney for Plaintiff

*/s/ Jim Butt*

James C. Butt
