UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ANTHONY ALANIZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | Civil Action No.: 4:22-cv-1991 | |
| § | | |
| HARRIS COUNTY, TEXAS, § | | |
| SHERIFF ED GONZALEZ, § | | |
| DEPUTY VANESSA ESQUEDA, § | | |
| SGT. ANA ORTIZ, § | | |
| DEPUTY MARK CANNON, § | | |
|     Defendants. § | | |

## DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("Harris County" or "County") files this Motion to Dismiss Plaintiff's Second Amended Complaint pursuant to Rules 12(b) (6) of the Federal Rules of Civil Procedure. In support of said motion, Harris County would respectfully show the Court as follows:

# Contents

I. Statement of the Nature and Stage of Proceeding............................................1

II. Statement of Issues, Summary of Argument ..................................................1

    A. Statement of Issues to be ruled upon by the Court ....................................1

    B. Summary of Argument................................................................................2

    C. Standard of Review ....................................................................................2

III. Argument and Authorities................................................................................4

    A. Alaniz's Claims Against Harris County are Barred by Immunity.............4

**Cases**

*Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620 (5th Cir. 2001) .................................................................................................................7

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................6, 7

*Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997) .........................8

*Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595 (5th Cir. 2001) ........................12

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ...............................................6, 7

*Blackburn v. City of Marshall*, 42 F.3d 925 (5th Cir. 1995) ...................................7

*City of Oklahoma v Tuttle*, 471 U.S. 808 (1985) ..................................................11

*Connick v. Thompson*, 563 U.S. 51 (2011) ...........................................................11

*Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) ................................................13

*Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015) ......................................... 10, 11

*Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278 (5th Cir. 1993) ................7

*Fraire v. City of Arlington*, 957 F.2d 1268 (5th Cir. 1992) .....................................8

*Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985) .................................12

*Hale v. King*, 642 F.3d 492 (5th Cir. 2011) .......................................................7, 12

*Harvey v. Montgomery Cty, Tex.*, 881 F.Supp.2d 785 (S.D. Tex. Apr. 30, 2012) ..11

*Jackson v. Procunier*, 789 F.2d 307 (5th Cir. 1986) ...............................................6

*Leal v. McHugh*, 731 F.3d 405 (5th Cir. 2013) .......................................................6

*Milam v. City of San Antonio*, 113 Fed. App'x 622 (5th Cir. 2004) .....................12

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) ................8

*Montoya v. FedEx Ground Package Sys., Inc.,* 614 F.3d 145 (5th Cir. 2010) ..........6

*Morin v. Caire*, 77 F.3d 116 (5th Cir. 1996) ...........................................................6

*Osborne v. Harris County, Tex.*, 97 F. Supp. 3d 911 (S.D. Tex. 2015) .................13

*Pena v. City of Rio Grande City*, 879 F.3d 613 (5th Cir. 2018) ..........................8, 9

*Peterson v. City of Fort Worth*, 588 F.3d 838 (5th Cir. 2009) ...........................8, 11

*Piotrowski v. City of Houston*, 237 F.3d 567 (5th Cir. 2001) ....................... 8, 9, 10

*Quinn v. Guerrero*, 863 F.3d 353 (5th Cir. 2017) ....................................................9

*Ratliff v. Aransas Cty., Texas*, 948 F.3d 281 (5th Cir. 2020) ....................................8

*Shaw v. Villanueva*, 918 F.3d 414 (5th Cir. 2019)....................................................7

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002).................................7

*U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375 (5th Cir. 2003)........................................................................................................................7

*Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010)............................................8

*World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747 (5th Cir. 2009).................................................................................................................12

**Statutes**

Fed. R. Civ. P. 12(b)(6)...............................................................................................6

Fed. R. Civ. P. 8(a)(2).................................................................................................6

## I. STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

1. This civil rights lawsuit stems from an arrest on May 29, 2020 [Doc. #39]. Plaintiff Joe Anthony Alaniz ("Alaniz" or "Plaintiff") alleges he was subjected to an unlawful arrest and excessive force. Alaniz makes general allegations against Harris County [*Id*.].

2. Harris County contends that all of Alaniz's claims against it should be dismissed because it is cloaked by immunity. First, the §1983 allegations against Harris County are nothing more than general, conclusory allegations masquerading as factual conclusions of governmental liability [Doc. #39, ¶¶68-69; 70-75]. Secondly, the cases attached as an exhibit uniformly undermine the alleged policy of the existence of no probable cause, as almost every one of them has a determination of probable cause in its history. Third, the Americans with Disabilities Act, ("ADA") does not apply to law enforcement filed encounters. Fourth, the claims based upon Section 1981, 1982 and 1985 do not apply. As such, Alaniz has failed to state any facts to establish a *Monell* claim against Harris County. Harris County respectfully move this Court to dismiss Alaniz's claims against the County pursuant to Rule 12(b)(6).

## II. STATEMENT OF ISSUES, SUMMARY OF ARGUMENT AND STANDARD OF REVIEW

**A. Statement of Issues to be ruled upon by the Court**

3. The issues to be ruled upon by the Court are as follows:

    (a) Did Alaniz allege facts that plausibly show:

        (1) A *Monell* claim for which relief could be granted against Harris County?

        (2) An ADA claim for which relief can be granted?

     (3) Claims pursuant to Sections 1981, 1982 and 1985?

**B.**  **Summary of Argument**

4.  **Claims against Harris County.** Mr. Alaniz's civil rights claims are barred because he has not stated any claim against Harris County for which relief is available under 42 U.S.C. §1983. It is clear from the face of Alaniz's pleadings that all claims against Harris County must be dismissed as a matter of law because (a) no official county policy, practice or custom was the moving force or direct cause of the injury complained of by Plaintiff; (b) he has not pleaded a plausible claim under the Americans with Disabilities Act; and sections 1981, 1982 and 1985 do not apply. Thus, all of Alaniz's claims against Harris County should be dismissed as a matter of law.

**C.**  **Standard of Review**

5.  **Rule 12(b)(6).** If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law. *See* FED. R. CIV. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Ashcroft,* 566 U.S. at 678-679. Thus, "dismissal is appropriate only if the complaint fails to plead 'enough facts to state a claim of relief that

is plausible on its face.'" *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Twombly*, 550 U.S. at 570).

6. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face only "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft*, 556 U.S. at 678). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

7. "When considering a motion to dismiss, the court accepts as true the well-pled factual allegations in the complaint and construes them in light most favorable to the plaintiff." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also U.S. ex rel. Willard v. Humana Health Plan of Tex., Inc.,* 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted). However, courts are not bound to accept as true "threadbare recitals of the elements of a cause of action, supported by mere conclusory statement," or legal conclusions couched as factual assertions. *See Shaw v. Villanueva*, 918 F.3d 414, 415 (5th Cir. 2019) (quoting *Ashcroft*, 556 US at 678); *see also Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) ("Plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim").

8. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations…a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 544. Thus, dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Apani Southwest, Inc. v. Coca-Cola Enterprises, Inc.*, 300 F.3d 620, 624 (5th Cir. 2001) (quoting *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)); *see also Hale*, 642 F.3d at 499. Conclusory allegations or legal conclusions masquerading as factual conclusions are not adequate to prevent dismissal. *Taylor*, 296 F.3d at 378 (quoting *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993)).

### III.     ARGUMENT AND AUTHORITIES

**A.     Alaniz's Claims Against Harris County are Barred by Immunity.**

9.     ***Monell* Claims.**  A governmental entity can be held liable <u>only</u> if its official policy or custom causes a person to be deprived of a federally protected right. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978) (emphasis added). The alleged constitutional violations must be "directly attributable to the [governmental entity] through some sort of official action or imprimatur; isolated actions by [governmental] employees will almost never trigger liability." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001); *see also Peterson v. City of Fort Worth*, 588 F.3d 838, 847 (5th Cir. 2009); *Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010).

10.     Thus, to defeat dismissal of a §1983 claim against a governmental entity, a plaintiff must plead "facts that plausibly establish: 'a policymaker; an official policy; and a violation

of constitutional rights whose 'moving force' is the policy or custom." *Ratliff v. Aransas Cty., Texas*, 948 F.3d 281, 285 (5th Cir. 2020) (citing *Piotrowski*, 237 F.3d at 578-579); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018). A plaintiff also bears the burden of demonstrating that, "through its <u>deliberate</u> conduct, the [governmental entity] was the 'moving force' behind the injury alleged." *Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis orig.). Deliberate conduct requires the "execution of a government's policy or custom, whether made by its lawmakers or by those who may fairly said to represent official policy." *Monell*, 436 U.S. at 694; *Fraire v. City of Arlington*, 957 F.2d 1268, 1277 (5th Cir. 1992). The standard is a stringent one, and all of the elements must be established to impose liability.

11. Alaniz here, however, has not alleged any facts to support the essential elements of a *Monell* claim [Doc. #39]. First, he claims the internal affairs division is flawed because "it pits fellow officers against one another." [Doc. #39, ¶¶47-68]. Such a claim is premised solely upon speculation. Alaniz next claims Harris County can be liable for civil rights violations under a theory of ratification by practice, custom, culture, procedure and training. [Doc. #39, ¶¶88-92]. This is a boilerplate allegation, lacking plausibility. As such, Alaniz has failed to state a claim against Harris County for which relief can be granted and such claims should be dismissed as a matter of law.

12. Such general allegations fall short of alleging an official policy or custom authorizing unlawful arrests and excessive force necessary to state a *Monell* claim. *See Piotrowski*, 237 F.3d at 578-549; *Pena*, 879 F.3d at 621. "An official policy or custom may be shown either by reference to 'an actual policy, regulation or decision," or an "informal

custom that represents municipal policy." *Quinn v. Guerrero*, 863 F.3d 353, 364-365 (5th Cir. 2017) (citation omitted). "The description of [an official] policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Pena*, 879 F.3d at 622 (citation omitted). Alaniz has therefore, failed to carry his burden of specifically identifying an official policy or custom of Harris County that allegedly caused a violation of his constitutional rights.

13. In paragraphs 97 to 120, Plaintiff lists 23 criminal cases where the Court allegedly found no probable cause. That in itself is insufficient to establish a policy or practice. *See Peterson*, 588 F.3d at 850 (holding that 27 complaints do not, a policy or practice, make). Indeed, the much longer and extensive exhibit attached to Alaniz's complaint [Doc #39-1] does not support the alleged policy of arrests without probable cause, but undermines it. Plaintiff's Second Amended Complaint refers to criminal court cases and reports in chart format in an attempt to establish plausible facts to support a claim for relief against the County; yet does not attach the actual pleadings from the criminal courts.. The actual criminal court orders are central to Plaintiff's claims and therefore, considered part of the pleadings. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (internal citation omitted). When a defendant attaches evidence to a Rule 12(b)(6) motion that is referenced in the complaint and central to the plaintiff's claims, the Court may consider such evidence. *See Inclusive Cmtys Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 800, 900 (5th Cir. 2019) (internal citation omitted); *Hartman v. Walker*, 685 Fed. App'x 366, 368 (5th Cir. 2017). "In so attaching [these exhibits that are central to Plaintiffs' claims], the defendant merely assists the plaintiff in establishing the basis of the suit, and

the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000). The Court must rely on the recorded information over Plaintiff's erroneous chart. *See Rivera v. City of Pasadena,* 555 F.Supp.3d 443, 452 (S.D. Tex. Aug. 16, 2021) (citing *Ramirez v. Martinez*, 716 F.3d 369, 375 (5th Cir. 2013)). As shown in the attached exhibit, virtually every case listed by Alaniz in the exhibit has a probable cause determination. Thus his claim that Harris County has a policy or practice of arrests without probable cause is not plausible. "Isolated unconstitutional actions by [government] employees will almost never trigger liability." *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (quoting *Piotrowski*, 237 F.3d at 578). Alaniz has not alleged a factual and plausible basis for a persistent or widespread practice of Harris County officials that was so common and well-settled as to constitute a custom that fairly represents a County policy. *See Peterson*, 588 F.3d at 851 ("a pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question"); *see also Culbertson,* 790 F.3d at 629 (affirming dismissal of [government's] liability claim because allegations were limited to the events surrounding the plaintiff). Conclusory allegations are insufficient to establish the existence of an unwritten policy, practice or custom. *See Harvey v. Montgomery Cty, Tex.*, 881 F.Supp.2d 785, 797 (S.D. Tex. Apr. 30, 2012). As a result, Alaniz has not identified a Harris County policy or custom as needed to state a *Monell* claim. Alaniz, therefore, has failed to state a claim against Harris County for which relief can be granted and his §1983 claims against the County should be dismissed as a matter of law.

14. With regards to the failure to train claim, Alaniz pleads the conclusory allegation, "Harris County and Gonzalez failed to train and supervise its agents, staff, officers, employees and jailers." as the cause of his injuries and nothing more [Doc. 39, ¶78]. This bare, unsubstantiated allegation is insufficient to meet the pleading requirements of Rule 8. Alaniz has not identified a specific training policy that was inadequate or deficient. Nor has he established a factual basis showing an affirmative link between the training inadequacies or deficiencies and the alleged constitutional violation at issue. *See Roberts v. City of Shreveport*, 397 F.3d 287, 293 (5th Cir. 2005); *City of Oklahoma v Tuttle*, 471 U.S. 808, 824 (1985). Alaniz just merely speculates that additional or better training is needed, and such is insufficient. *See Connick v. Thompson*, 563 U.S. 51, 68 (2011) ("merely speculating that "additional [or better] training would have been helpful in making difficult decisions does not establish [governmental] liability"). Alaniz has obviously failed to "allege facts that support the elements of the cause of action in order to make out a valid claim" for failure to training. *See Hale*, 642 F.3d at 499. As a result, Alaniz has failed to state a claim against Harris County for which relief can be granted. Alaniz's failure to training claim against the County should be dismissed as a matter of law.

15. **No Ratification**. Ratification is "limited to 'extreme factual situations.'" *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017) (quoting *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 755 (5th Cir. 2009)). A situation may be "extreme" if it involves a municipality's acceptance of "incompetent and catastrophic performance," "dangerous recklessness," or "gross abuse" by a municipal

employee. *See Grandstaff v. City of Borger*, 767 F.2d 161, 171 (5th Cir. 1985). Even in the ratification context, *Monell* requires an official policy to be the moving force for the constitutional violation. *See Milam v. City of San Antonio*, 113 Fed. App'x 622, 628 (5th Cir. 2004). Ratification chargeable to a municipality requires that "authorized policymakers approve a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). This means that the policymaker must have <u>actual knowledge</u> of the improper basis for the subordinate's action and yet approve the action anyway. *See Beattie v. Madison Cnty. Sch. Dist.,* 254 F.3d 595, 604 (5th Cir. 2001). The mere fact that a policymaker defends subordinates who are later found to have broken the law does not create an official policy of ratification. *See Osborne v. Harris County, Tex.*, 97 F. Supp. 3d 911 (S.D. Tex. 2015) (Rosenthal, J.) (discussing *Coon v. Ledbetter*, 780 F.2d 1158, 1161-62 (5th Cir. 1986)).

16. **ADA Claim**. This claim is without merit. The Fifth Circuit holds that "Title II does not apply to an officer's on-the-street responses to reported disturbances or other similar incidents, whether or not those calls involve subjects with mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to human life." *Hainz v. Richards*, 207 F.3d 795, 801 (5th Cir. 2000). Indeed, by riding his bicycle Alaniz failed to demonstrate any physical disability in the field, and he has not alleged any subsequent act of discrimination based upon a disability. To the extent that Alaniz makes an ADA claim against the Harris County related to his detention in the Harris county jail following his arrest, he has not pleaded a plausible claim.

17. **No Section 1981 Claim**. This statute provides that all persons within the

jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts as is enjoyed by white citizens. 42 U.S.C. § 1981; *Hubbard v. Racetrac Petroleum, Inc.,* 1998 WL 318819, *2 (N.D. Tex. 1998). To bring a section 1981 claim, there must be a contract on which the claim is based. *Hubbard,* 1998 WL 318819 at *2, *citing Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1034 (7th Cir. 1998). *See also Wallace v. Dallas Indep. Sch. Dist.,* 2000 WL 575219, *9 (N.D. Tex. 2000) (same); *Byers v. Dallas Morning News, Inc.,* 1999 WL 20953, *5 (N.D. Tex. 1999) (same). Plaintiff has pleaded no facts regarding any underlying contract that would support a section 1981 claim. Therefore, this claim amounts to no more than a conclusory allegation and should be dismissed.

18.     **No Section 1982 Claim**.   42 U.S.C. § 1982 states that, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Other than the conclusory allegation that plaintiff brings this claim under 42 U.S.C. § 1982 , plaintiff pleads no other specific facts in support of this claim. Plaintiff does not allege that defendants took any action which affected any real property he owned, nor does the plaintiff allege that defendants interfered with his ability to inherit, purchase, lease, sell, or convey personal property. "In order to bring an action under § 1982, a plaintiff 'must allege with specificity facts sufficient to show or raise a plausible inference of (1) the defendant's racial animus; (2) intentional discrimination; and (3) that the defendant deprived plaintiff of his rights because of race.' " *Brown v. Philip Morris, Inc.,* 250 F.3d 789, 797 (3d Cir. 2001) (other citations omitted). To avoid dismissal for failure to state a claim, "a plaintiff

must plead specific facts, not merely conclusional allegations." *Kane Enterprises v. MacGregor,* 322 F.3d 371 (5th Cir. 2003).

19. **No Punitive Damages**. Harris County is immune from punitive damages claims. *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

20. **Conclusion**. For the reasons stated above, Alaniz has failed to state any claim upon which relief can be granted against Harris County. It is entitled to dismissal of Plaintiff's claims against it as a matter of law.

WHEREFORE, PREMISES CONSIDERED, Defendants HARRIS COUNTY requests that this Court grant this motion to dismiss and grant all other relief to which this defendant is entitled.

Respectfully submitted,

OF COUNSEL:

CHRISTIAN MENEFEE
HARRIS COUNTY ATTORNEY

Date: March 20, 2023         By:   */s/ Jim Butt*
                                    JAMES C. BUTT
                                    Assistant County Attorney
                                    ATTORNEY-IN-CHARGE
                                    State Bar No. 24040354
                                    Fed. Bar No. 725423
                                    1019 Congress, 15th Floor
                                    Houston, Texas 77002
                                    Tel: (713) 274-5133 (direct)
                                    Fax: (713) 755-8823
                                    james.butt@harriscountytx.gov

                                    **Attorneys for Defendants**
                                    **Harris County and Sheriff Gonzalez**

## CERTIFICATE OF WORD COUNT

I certify that this document's word count is **3150** excluding caption, tables, signature block and certificates.

                                        */s/ Jim Butt*
                                        James C. Butt

## CERTIFICATE OF CONFERENCE

I certify that on 15 March, 2023 I conferred with U.A. Lewis, attorney for Plaintiff on the relief sought in this motion. Plaintiff was opposed to the relief sought.

                                        */s/ Jim Butt*
                                        James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those listed of record who receive electronically filed documents.

UA Lewis
PO Box 27353
Houston, Texas 77227
Attorney for Plaintiff

                                        */s/ Jim Butt*
                                        James C. Butt