# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JOE ANTHONY ALANIZ | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-CV-01991 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| SHERIFF ED GONZALEZ, DEPUTY | § | |
| VANESSA ESQUEDA, SGT. ANA | § | |
| ORTIZ, AND DEPUTY MARK | § | |
| CANNON | § | |
|     **Defendant.** | § | |

## DEFENDANT HARRIS COUNTY'S ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Harris County ("the County") file this its answer, defenses, and affirmative defenses to Plaintiff's Second Amended Complaint ("Complaint") and jury demand. In support of said answer, defenses, and affirmative defenses, it would respectfully show this Court as follows:

### I. Answer

1. With respect to the first paragraph of the introductory statement, the County denies it is liable to Plaintiff.

2. The County denies the allegations in paragraph number 1 (Nature of the Case), except it admits the Court has jurisdiction.

3. The County admits the allegations in paragraph number 4. There are no paragraphs numbers 2-3.

4. The County denies the allegations in paragraph number 1 (Jurisdiction and Venue), but admits this Court has jurisdiction.

5. The County denies the allegations in paragraph number 2.

6. The County admits the allegations in paragraph number 3.

7. The County admits the allegations in paragraphs numbers 4-6 and 8, except Cannon was acting under color of state law. There is no paragraph number 7.

8. In answer to the allegations in paragraphs numbers 9-10, the County is without sufficient knowledge or information to admit or deny the allegations.

9. In answer to the allegations in paragraphs numbers 11-12, the County admits that this incident in which Plaintiff was with a bicycle, occurred on May 29, 2020 along the feeder road to I-10 and that uniformed HCSO and HPD law enforcement personnel were present in response to a crowd that was protesting the George Floyd death. Rocks were thrown by members of the crowd, and peppers spray was also sprayed. Several law enforcement persons asked Plaintiff to move and/or leave because of safety concerns. He refused. The County is without sufficient information and knowledge to admit or deny the remaining allegations.

10. The County denies the allegations in paragraph number 13.

11. The County admits that the circumstances and context of this incident were protests in response to the George Floyd death and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph number 14.

12. In answer to the allegations in paragraph number 15, the County admits that Cannon approached Plaintiff and directed him to move away, avers Plaintiff did not, and is without sufficient information and knowledge to admit or deny the remaining allegations.

13. In answer to the allegations in paragraph number 16, the County denies the allegations as stated.

14. The County is without sufficient knowledge or information to admit or deny the allegations in paragraph number 17, but denies that Alaniz did not have sufficient time to comply with multiple commands to move and leave.

15. The County denies as stated the allegations in paragraph number 18.

16. The County denies the allegations in paragraph number 19.

17. The County denies as stated the allegations in paragraph number 20.

18. The County denies the allegations in paragraph number 21.

19. The County denies as stated the allegations in paragraphs numbers 22-23.

20. The County denies the allegations in paragraph number 24.

21. The County is without sufficient knowledge and information to admit or deny the allegations in paragraphs numbers 25-27.

22. The County admits that a bicycle was left at the scene and is without sufficient information or knowledge to admit or deny the remaining allegations in paragraphs numbers 28-29.

23. The County is without sufficient knowledge or information to admit or deny the allegations in paragraphs numbers 30-32.

24. In answer to the allegations in paragraph number 33, the County admits that Deputy Sergeant Ortiz recorded portions of the incident on her BWC, and Deputy Cannon's BWC did not record audio because of a battery issue and is without sufficient information and knowledge to admit or deny the remaining allegations.

25. The County admits the allegations in paragraph number 34.

26. The County denies the allegations in paragraph number 35.

27. The County admits that a bicycle was left at the scene and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph number 36.

28. The County is without sufficient information and knowledge to admit or deny the allegations in paragraphs numbers 37-38.

29. The County admits the allegations in paragraphs numbers 39 and 40.

30. In answer to the allegations in paragraphs numbers 41-42, the County admits that Plaintiff was released the next day and is without sufficient knowledge or information to admit or deny the remaining allegations.

31. The County denies the allegations in paragraph number 43.

32. The County is without sufficient knowledge or information to admit or deny the allegations in paragraphs numbers 44-46.

33. The County denies the allegations in paragraphs numbers 47-48, except the County admits Cannon used reasonable force in arresting Plaintiff.

34. The County admits the allegations in paragraph number 49.

35. The County admits that the IAD Disciplinary Committee sustained a portion of Plaintiff's complaint and denies as stated the remaining allegations in paragraph number 50.

36. In answer to the allegations in paragraph number 51, the County admits that Deputy Fosdick interviewed and photographed Plaintiff.

37. The County admits the allegations in paragraph number 52 and in response to paragraph 53, admits that the IAD investigation reviewed medical records documenting a should injury.

38. The County admits that Deputy Atkinson conducted an investigation and took statements and is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph number 54.

39. The County denies as stated the allegations in paragraph number 55.

40. The County denies as stated the allegations in paragraph number 56.

41. The County denies as stated the allegations in paragraph number 57, but admits that Batton spoke on the telephone with Deputy Atkinson about the circumstances of the protests and the interplay of the two agencies.

42. The County is without sufficient knowledge or information to admit or deny the allegations in paragraph number 58.

43. The County denies as stated the allegations in paragraphs numbers 59-61 but admits no arrest report or use of force report was found to correspond to Plaintiff's arrest.

44. The County denies as stated the allegations in paragraph number 62.

45. The County denies the allegations in paragraph number 63.

46. The County denies the allegations in paragraphs numbers 64-75.

47. Paragraph number 76 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 76.

48. The County denies the allegations in paragraphs numbers 77-80.

49. Paragraph 81 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 81.

50. Paragraphs numbers 82-86 pertain to an issue which has been dismissed. Thus, no answer is required To the extent an answer is required, the allegations are denied.

51. Paragraph number 87 incorporates all prior paragraphs; the County incorporates its previous answers and denials to all previous paragraphs and denies the allegations in paragraph number 87.

52. The County denies the allegations in paragraphs numbers 88-96.

53. The County denies as stated the allegations in paragraphs numbers 97-119, admits that a Magistrate found no probable cause for certain offenses in Brooks, Shores, Ivshin, Shumate, Albarran, Milam, McGilbray, Monzon, and Warner and specifically denies that the listed individuals in these paragraphs were falsely arrested.

54. The County denies the allegations in paragraph 120 and notes that the Exhibit has been withdraw.

55. The County denies the allegations in paragraph number 121.

56. In answer to paragraph number 122, the County also requests trial by jury.

57. In answer to paragraphs numbers 123-124, the County denies each and every allegation.

58. In answer to the Prayer for Relief, the County denies each and every petition.

59. The County denies all previously unanswered allegations.

## II.     Defenses and Affirmative Defenses.

60. The County asserts that Plaintiff's Second Amended Complaint [Doc. #39] has failed to state an actionable claim against the County upon which relief may be granted, under the U.S. Constitution, 42 U.S.C. §1983 and Texas state law.

61. The County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the actual or proximate cause of the Plaintiff's alleged injuries.

62. The County states that the acts complained of by Plaintiff were not proximately caused by any constitutionally defective policy, practice or custom of the County.

63. The County states that on the occasion in question and at all relevant times, no official policy, practice or custom of the County was the moving force behind the alleged deprivation of Plaintiff's rights.

64. The County denies that it was deliberately indifferent in any manner and denies any violation of Plaintiff's constitutional rights.

65. The County states that no deprivation of Plaintiff's rights as guaranteed by constitutional and/or statutory provisions occurred as a result of a policy, practice or custom of the County.

66. The County states that HCSO properly supervises its employees, uniform and non-uniform, in accordance with the department's rules, regulations, procedures, general orders and within County procedures.

67. The County states that punitive damages are not recoverable against it as to Plaintiff's claims.

68. The County states that no deprivation of Plaintiff's federal rights occurred in connection with the incident made the basis of this lawsuit.

69. The County states that on the occasion in question, no official County policy or wide-spread, persistent custom having the force of official policy, was the moving force behind and the actual cause of Plaintiff's alleged injuries. The County further states that its final policy-maker was not deliberately indifferent to any circumstances that created a known risk of deprivation of the constitutional rights as alleged in Plaintiff's Second Amended Complaint [Doc. #39].

70. The County states that Plaintiff's own actions and/or negligence were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

71. The County denies that Plaintiff was subjected to retaliation.

72. The County states that Plaintiff's alleged retaliation was not motivated by any protected speech.

73. The County asserts that Mr. Alaniz's own actions were the sole cause or alternatively, the proximate cause of the occurrence or incident in question and of any alleged resulting damages.

74. The County states that Mr. Alaniz's injuries did not result directly and only from Cannon's use of force that was clearly excessive to the need to use force and that Cannon's use of force was objectively reasonable and did not violate clearly established law of which a reasonable person would have known.

75. The County would further show that the reasonable suspicion and arguable probable cause existed to support Mr. Alaniz's detention and arrest.

### III. Jury Demand

76. The County requests request trial by jury.

77. The County reserves the right to amend or supplement this Answer at a later date.

WHEREFORE, PREMISES CONSIDERED, Defendant Harris County prays that Plaintiff take nothing by his suit, that it recover its costs and all other relief it may be entitled to in law and equity.

Date: April 9, 2024

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST

ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS

By:  */s/ Jim Butt*
JAMES C. BUTT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24040354
Fed. Bar No. 725423
James.butt@harriscountytx.gov
Tel: (713) 274-5133 (direct)
Fax: (713) 755-8823

Office of the Harris County Attorney
1019 Congress
Houston, Texas 77002

**ATTORNEY FOR DEFENDANT**
**Harris County**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those attorneys of record who receive electronically filed documents.

*/s/ Jim Butt*
James C. Butt