## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JOE ANTHONY ALANIZ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-CV-01991** |
| | § | |
| **HARRIS COUNTY, TEXAS,** | § | |
| **SHERIFF ED GONZALEZ,** | § | |
| **DEPUTY VANESSA ESQUEDA,** | § | |
| **SGT. ANA ORTIZ, AND DEPUTY** | § | |
| **MARK CANNON** | § | |
| **Defendant.** | § | |

## DEFENDANT HARRIS COUNTY'S
## MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant HARRIS COUNTY ("the County") files this its Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure, and the Court's first amended scheduling order [Doc. #75]. In support of said motion, the County would respectfully show the Court as follows:

# TABLE OF CONTENTS

**Page**

Table of Contents ................................................................... ii

TABLE OF AUTHORITIES ............................................... iii

I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS ........... 1

II.  STATEMENT OF ISSUES AND STATEMENT OF FACTS ......................... 1

   A.  Statement of Issues ................................................... 1

   B.  Statement of Facts ................................................... 2

III. SUMMARY JUDGMENT EVIDENCE ........................................ 2

IV.  SUMMARY OF ARGUMENT ............................................... 3

V.   ARGUMENT AND AUTHORITIES ......................................... 5

   A.  Standard of Review ................................................... 5

   B.  Plaintiff's §1983 Claims Against the County ................. 6

   C.  Conclusion ........................................................... 15

**CERTIFICATE OF WORD COUNT** ........................................ 17

# TABLE OF AUTHORITIES

Page(s)

Cases

*Alpha v. Hooper*,
 440 F. 3d 670 (5th Cir. 2006) ............................................................12

*Austin v. Kroger Tex., L.P.*,
 864 F.3d 326 (5th Cir. 2017) ................................................................4

*Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*,
 520 U.S. 397 (1997) ..............................................................................6

*Beattie v. Madison Cty. Sch. Dist.*,
 254 F.3d 595 (5th Cir. 2001) ..............................................................10

*Bellard v. Gautreaux*,
 675 F.3d 454 (5th Cir. 2012) ................................................................5

*Bennett v. City of Slidell*,
 728 F.2d 762 (5th Cir. 1984) ................................................................5

*Bennett v. Hartford Ins. Co. of* Midwest,
 890 F.3d 597 (5th Cir. 2018) ................................................................4

*Celotex Corp. v. Catreet*,
 477 U.S. 317 (1986) ..............................................................................4

*City of Canton v. Harris*,
 489 U.S. 378 (1989) .................................................................. 8, 9, 10

*City of Los Angeles v. Heller*,
 475 U.S. 796 (1986) ............................................................................12

*City of St. Louis v. Praprotnik*,
 485 U.S. (1988) ..................................................................................10

*Conner v. Travis County*,
 209 F.3d 794 (5th Cir. 2000) ................................................................6

*Connick v. Thompson*,
 563 U.S. 51 (2011) ................................................................................9

*Coon v. Ledbetter*,
 780 F.2d 1158 (5th Cir. 1986) ............................................................11

*Davidson*,
 848 F.3d ..............................................................................................10

*Estate of Davis ex rel. McCully v. City of North Richland Hills*,
 406 F.3d 375 (5th Cir. 2005) ..........................................................6, 12

*Gerald Burge v. St. Tammany Parish,*
 336 F.3d 363 (5th Cir. 2008) ................................................................8

*Infant v. Law Office of Joseph Onwuteaka, P.C.*,
    735 F. App'x 839 (5th Cir. 2018) ...................................................5
*James v. Harris Cty.*,
    577 F.3d 612 (5th Cir. 2009) ........................................................6
*Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*,
    379 F.3d 293 (5th Cir. 2004) ........................................................6
*Jones v. Anderson*,
    721 F. App'x 333 (5th Cir. 2018) ...................................................4
*Kim v. Hospira, Inc.*,
    709 F. App'x 287 (5th Cir. 2018) ...................................................4
*McCarty v. Hillstone Rest. Grp., Inc.*,
    864 F.3d 354 (5th Cir. 2017) ........................................................4
*Milam v. City of San Antonio*,
    113 F. App'x 622 (5th Cir. 2004) ........................................... 10, 11
*Monell v. New York City Dept. of Social Services*,
    436 U.S. 658 (1978)......................................................................5
*O'Neal v. City of San Antonio*,
    344 F. App'x 885 (5th Cir. 2009) ...................................................9
*Pena v. City of Rio Grande City*,
    879 F.3d 613 (5th Cir. 2018) ........................................................5
*Peterson v. City of Fort Worth*,
    588 F.3d 383 (5th Cir. 2009) ......................................................10
*Peterson*,
    588 F.3d ......................................................................................10
*Peterson*,
    598 F.3d ......................................................................................11
*Pineda v. City of Houston*,
    291 F.3d 325 (5th Cir. 2002) ......................................................12
*Piotrowski v. City of Houston*,
    237 F.3d 567 (5th Cir. 2001) .....................................................5, 6
*Prince v. Curry*,
    2010 WL 1062611 (N.D. Tex. 2010) .............................................6
*Ratliff v. Aransas Cty.*,
    948 F.3d 281 (5th Cir., 2020) .......................................................6
*Roberts v. City of Shreveport*,
    397 F.3d 287 (5th Cir. 2005) ........................................................9
*Sanders-Burns v. City of Plano*,
    594 F.3d 366 (5th Cir. 2010) ........................................................8
*Thomas v. Tregre*,
    913 F.3d 458 (5th Cir. 2019) ........................................................4

*Trent v. Wade*,
   776 F.3d 368 (5th Cir. 2015) ................................................................4
*Valle v. City of Houston*,
   613 F.3d 536 (5th Cir. 2010) ...........................................................6, 8
*Vann v. City of Southaven*,
   884 F.3d 307 (5th Cir. 2018) ................................................................4
*Zarnow v. City of Wichita Falls*,
   614 F.3d 161 (5th Cir. 2010) ..............................................................11

Statutes

42 U.S.C. § 1983 ....................................................................................11

Rules

Fed. R. Civ. P. 56(a)...............................................................................4
Rule 56, Federal Rules of Civil Procedure ......................................... i, 4

# I.   STATEMENT OF THE NATURE AND STAGE OF PROCEEDINGS

1.     This civil rights lawsuit stems from an arrest on May 29, 2020 [Doc. #39]. Plaintiff Joe Anthony Alaniz ("Alaniz" or "Plaintiff") alleges he was subjected to an unlawful arrest and excessive force. Alaniz makes general allegations against Harris County [*Id.*].

2.     The County timely answered, denied all allegations and stated that it is entitled to immunity [Doc. #84]. The parties conferred, per Court's procedures, and now the County timely moves for summary judgment on Plaintiff's pending claims against it.

# II.   STATEMENT OF ISSUES AND STATEMENT OF FACTS

### A.   Statement of Issues

3.     The issues to be ruled upon by the Court regarding the County are as follows:

(a) Whether the Plaintiff has any evidence to show that the County is liable for alleged constitutional violations because a municipal policy or custom promulgated by a policy-maker with deliberate indifference was the "moving force" or direct cause of the injury complained of by Plaintiff?

(b) Whether Plaintiff has any evidence that the County violated his constitutional rights by failing to adequately train, supervise and discipline its officers on use of excessive force and making arrests without probable cause?

(c) Whether Plaintiff has established a viable ratification claim against the County?

B.    Statement of Facts

4.    The events at issue occurred on May 29, 2020 at the area of McKey Street and I-10 in the City of Houston as Plaintiff observed protests related to the death of George Floyd. [Ex. A and B]. At all relevant times, Deputy Mark Cannon ("Cannon") was acting under the color of the authority of state law of the State of Texas as a law enforcement officer among other Harris County Sheriff's Deputies and Houston Police Officers massed at the scene. [Ex. A].

5.    Plaintiff was asked repeatedly to move away and failed to fully comply with those orders, thus exposing himself and the law enforcement officers there to risks of harm from having to watch and safeguard him.    At the scene of Plaintiff's arrest were a crowd of protestors and numerous law enforcement officers who were attempting to keep the protestors off the roadway.  The scene was somewhat chaotic. [Ex. A and B].

6.    Cannon arrested Plaintiff for impeding the roadway.  Subsequently Plaintiff was charged with resisting arrest.  Due to the number of arrests of protestors and chaotic conditions, Plaintiff's arrest report was lost.  [Ex. A and B].

III.    SUMMARY JUDGMENT EVIDENCE

7.     The County attaches the following exhibits in its Appendix of Evidence in Support of its Motion for Summary Judgment, which is incorporated in its entirety by reference for all purposes.

Harris County Sheriff's Office Business Records Affidavit

a.  Internal Affairs 2020-254 Case Summary and Admin Closure

b.  Body Worn Camera footage of Mark Cannon

c.  Training records of Mark Cannon

d.  Harris County Sheriff's Office Policy 231

e.  Harris County Sheriff's Office Policy 301

f.  Harris County Sheriff's Office Policy 302

g.  Harris County Sheriff's Office Policy 303

h.  Harris County Sheriff's Office Policy 501

i.  Harris County Sheriff's Office Policy 506

j.  Certified copies of criminal case dispositions from the list attached to the second amended complaint

Declaration of Isis Garcia

## IV.    SUMMARY OF ARGUMENT

8.     The County is entitled to summary judgment as a matter of law because there is no evidence that an official policy or custom was the moving force or direct cause of any injury complained of by Plaintiff, and the County did not demonstrate

deliberate indifference. Therefore, all of Plaintiff's claims against the County fail as

a matter and must be dismissed.

# V.    ARGUMENT AND AUTHORITIES

A.    Standard of Review

9.    **Summary Judgment.** Summary judgment is proper under Rule 56 when the movant establishes that it is entitled to judgment as a matter of law because "there is no genuine dispute as to any material fact." *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015); *see also* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catreet*, 477 U.S. 317, 322 (1986); *Vann v. City of Southaven*, 884 F.3d 307, 309 (5th Cir. 2018). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Bennett v. Hartford Ins. Co. of* Midwest, 890 F.3d 597, 604 (5th Cir. 2018).

10.    The movant can meet this initial burden by pointing to "the absence of evidence and thereby shift to the non-movant the burden of demonstrating…that there is an issue of material fact warranting trial." *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018). While the movant must demonstrate the absence of a genuine issue of material fact, the movant does not need to negate the elements of the non-movant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). A fact is material if it "might affect the outcome of the suit." *Thomas v. Tregre*, 913 F.3d 458, 463 (5th Cir. 2019).

11.    Once the burden shifts, the non-movant "cannot survive a summary judgment motion be resting on the mere allegations of its pleadings." *Jones v. Anderson*, 721

F. App'x 333, 335 (5th Cir. 2018). The non-movant cannot demonstrate the existence of a material fact "by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).

12.     To avoid summary judgment, the non-movant must identify specific evidence in the record and articulate how that evidence supports the specific claim. *Infant v. Law Office of Joseph Onwuteaka, P.C.*, 735 F. App'x 839, 843 (5th Cir. 2018). "The evidence proffered by the [non-movant] to satisfy his burden of proof must be competent and admissible at trial." *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012).

B.     Plaintiff's §1983 Claims Against the County

13.     To impose §1983 liability on a county, a plaintiff must prove an underlying constitutional violation plus three additional elements: (1) a policymaker; (2) an official policy; and (3) that the policy was the "moving force" behind the constitutional violation. *Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018); *see also Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Liability must rest on an official policy, meaning the municipality's policy, and not the policy of an individual official. *Bennett v. City of Slidell,* 728 F.2d 762, 769 (5th Cir. 1984). "[A]ctions of officers or employees of a municipality do not render the municipality liable under §1983 unless they execute official

policy." *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur, isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.*

14.     For a county to be liable based on an official policy, "the plaintiff must show, among other things, either (1) that the policy itself violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers 'with deliberate indifference as to its known or obvious consequences…'" *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004). "For an official to act with deliberate indifference, the official must <u>both</u> be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Deliberate indifference is more than mere negligence; it is an intentional choice consciously and maliciously made by the municipality's policymakers. *Conner v. Travis County*, 209 F.3d 794, 796-797 (5th Cir. 2000). "A showing of simple or even heightened negligence will not suffice." *Bd. Of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 407 (1997).

Rather, it "must amount to an intentional choice, not merely an unintentionally negligent oversight." *James v. Harris Cty.*, 577 F.3d 612, 617-618 (5th Cir. 2009).

15.  If a plaintiff adduces evidence of an official policy promulgated with deliberate indifference, then the plaintiff must prove that the municipality's official policy was the "moving force" and actual cause of the deprivation of constitutional rights. *See Piotrowski*, 237 F.3d at 578. "The allegations of [an official municipal] policy and its relationship to the underlying constitutional violation cannot be conclusory but must contain specific facts." *Prince v. Curry*, 2010 WL 1062611 at *3 (N.D. Tex. 2010); *Ratliff v. Aransas Cty.,* 948 F.3d 281, 285 (5th Cir., 2020) (must do more than describe the incident that gave rise to an injury). A "but for" connection to the deprivation of rights is not sufficient to satisfy the causation element. *See, e.g. Valle v. City of Houston*, 613 F.3d 536, 546 (5th Cir. 2010) ("…causation must be more than a mere 'but for' coupling between cause and effect).

16.  Plaintiff has not been injured as the result of an official Harris County policy. Plaintiff has alleged, through conclusory allegations or unwarranted deduction of facts against the County, that his Fourth Amendment rights were violated because probable cause was absent and excessive force was used to effect his unlawful arrest [Doc. #39, ₱77]. Plaintiff alleges in paragraphs 97-107 that other individuals have been arrested without probable cause. Plaintiff does not cite case numbers or arrest

report numbers to substantiate such claims. Plaintiff also attaches a list of 206 cases spanning the years 2016-2020 with identifying information to support the allegation of a custom or practice of arresting without probable cause. Defense counsel researched the list and found only 5 cases where probable cause was not found: *State v. Parchman* 2094649, *State v. Fransaw* 2105289, *State v. Lenard* 2090800, *State v. Campbell* 2108944, and *State v. Williams* 1519912. See exhibit J, certified copies of the cases attached to the second amended complaint. Thus, the finding of five cases where no probable cause was found is statistically insignificant in light of the annual arrests made by Harris County Sheriff as set forth in the Declaration of Isis Garcia.

17. **Excessive force claim.** Further, the summary judgment evidence unequivocally establishes that the County has policies which address use of force and de-escalation. See Harris County Sheriff's Office Policy 501.

18. Even if Plaintiff has somehow identified a custom authorizing use of excessive force during the events at issue, which the County denies, he has not adduced any evidence of deliberate indifference or causation.

19. **Wrongful arrest claim**. Similarly, Harris County has a policy on arrest procedures. Policy 506. Plaintiff's data of arrests without probable cause is statistically insignificant and contains instances where there was probable cause.

20.    **Discipline and Internal Investigations**. The summary judgment evidence also proves that the County has policies addressing professional and prohibited conduct, corrective action and discipline and internal investigations. See Harris County Sheriff's Office Policies 231, 301-303. In this regard Deputy Cannon did receive discipline for failing to safeguard Plaintiff's property. [Ex. A]. Thus the Plaintiff has not adduced any evidence of deliberate indifference or causation.

21.    **Failure to Train Claim**. The standard for establishing liability for a failure to train is the same standard for establishing municipal liability in general. *Valle*, 613 F.3d at 544. Thus, the County can only be found liable for failure to train if the County itself causes the alleged constitutional violation. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Plaintiff, therefore, must establish that inadequate or deficient training policies were deliberately adopted by the County's policymaker and such directly caused plaintiff's injuries. *See Sanders-Burns v. City of Plano*, 594 F.3d 366, 381 (5th Cir. 2010).

22.    To establish deliberate indifference in this context, a plaintiff must demonstrate "at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in constitutional violation." *Gerald Burge v. St. Tammany Parish,* 336 F.3d 363, 370 (5th Cir. 2008). The single incident exception to the pattern rule is "a narrow one, and one that [the Fifth Circuit has] been reluctant to expand." *Burge,* 336 F.3d. at 373. To rely on the single

incident exception, "a plaintiff must prove that the 'highly predictable' consequence of a failure to train would result in the specific injury suffered, and that the failure to train represented the 'moving force' behind the constitutional violation." *Roberts v. City of Shreveport*, 397 F.3d 287, 295 (5th Cir. 2005).

23.    Here, Plaintiff has failed to carry his burden to establish liability against the County for failure to train. The Fifth Circuit requires specificity on how a training policy is inadequate or deficient and Plaintiff has failed to do such. *See Roberts*, 397 F.3d at 293.    Plaintiff speculates the County's alleged failures were the cause of his injuries and nothing more [*Id.*].    Merely speculating that "additional [or better] training would have been helpful in making difficult decisions does not establish municipal liability." *Connick v. Thompson*, 563 U.S. 51, 68 (2011); *see also Harris*, 489 U.S. at 391.

24.    Furthermore, there is also no evidence that the County failed to train Cannon on any relevant matter See Training records of Cannon, exhibit C.    Rather, the evidence clearly establishes that he received and exceeded the mandatory state standards in training legislatively mandated in Rule 218.3, Texas Administrative Code. [*Id.*].  "If the training of police officers meets state standards, there can be no cause of action for failure to train absent a showing that 'this legal minimum of training was inadequate to enable [the officers] to deal with the usual and recurring

situations' [they] would likely face." *O'Neal v. City of San Antonio*, 344 F. App'x 885, 888 (5th Cir. 2009).

25.    Even if Plaintiff could show that Cannon was inadequately trained, which he cannot, there is no evidence to link the purported inadequate or deficient training to his alleged injuries. "Adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the County liable…Moreover, for liability to attach in this circumstance the identified deficiency in a County's training program must be closely related to the ultimate injury." *Harris*, 489 U.S. at 391.  Other than bare, conclusory allegations, Plaintiff has failed to adduce any evidence that a deficient or inadequate training caused Cannon to act during the events in question.   Plaintiff also has failed to establish a pattern of similar incidents in which citizens have been injured as a result of inadequate or deficient training. *Peterson v. City of Fort Worth*, 588 F.3d 383, 851 (5th Cir. 2009) ("A pattern requires similarity and specificity; prior indications cannot simply be for any and all 'bad' or unwise acts, but rather must point to the specific violation in question"). Plaintiff therefore, has failed to carry his burden on this claim, and the County is entitled to summary judgment as a matter of law.

26.    **Ratification Claim.** Ratification concerns whether "the authorized policymakers approve[d] a subordinate's decision and the basis for it." *City of St. Louis v. Praprotnik*, 485 U.S. 127 (1988).   This means that the policymaker must

have <u>actual knowledge</u> of the improper basis for the subordinate's action and yet approve the action anyway. *See Beattie v. Madison Cty. Sch. Dist.,* 254 F.3d 595, 604 (5th Cir. 2001) (emphasis added). Further, the Fifth Circuit has not relaxed the causation requirement of *Monell* in the ratification context and continues to require an official policy to be the moving force for the constitutional violation. *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004).

27.     The Fifth Circuit has also limited ratification to "extreme factual situations" to avoid *respondeat superior. See Davidson*, 848 F.3d at 395; *Peterson*, 588 F.3d at 848.     Therefore, a "policymaker who simply go[es] along with a subordinate's decision do[es] not…vest final policymaking authority in the subordinate, nor does a mere failure to investigation the basis of a subordinate's discretionary decisions amount to such a delegation." *Milam*, 113 F. App'x at 627. "Good faith statements made in defending complaints against municipal employees do not demonstrate ratification." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 169 (5th Cir. 2010). Where a police chief has accepted his subordinate's version of events, courts have found no ratification liability unless the subordinate's actions were "manifestly indefensible" under that version. *Coon v. Ledbetter*, 780 F.2d 1158, 1162 (5th Cir. 1986).

28.     Plaintiff has adduced no evidence to support his ratification theory. There is no evidence that any official policy was the moving force of the violation of the

Plaintiff's constitutional rights. Rather, the evidence established that an administrative investigation was opened and closed because the evidence did support a finding of misconduct [Exs. A and B].

29.     Moreover, there is no evidence that the decision to arrest and use of force actions of Cannon were "manifestly indefensible." Rather, the evidence establishes that (a) his actions were objectively reasonable and (b) Plaintiff's arrest was based on probable cause [Exs. A, B]. Controlling law precludes finding that this case presents an extreme factual situation. *See Peterson,* 598 F.3d at 848 (even common and known use of excessive force within a police department is not enough for ratification, nor is a policymaker defending conduct that is later shown to be unlawful). Thus, Plaintiff has failed to carry his burden, and the County is entitled to summary judgment as a matter of law.

30.     **No Underlying Violation.** Plaintiff seeks to hold the County liable under 42 U.S.C. § 1983 based on two theories: (A) having unconstitutional de facto policies that permit its police officers to effect unlawful arrests and use excessive force; and (B) inadequately training and supervising its deputies so as to prevent them from effecting unlawful arrests and using excessive force. Both claims require Plaintiff to plausibly plead and prove a violation of his constitutional rights. *See Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002); *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). There can

be no basis for municipal liability in the absence of an underlying constitutional violation. *City of Los Angeles v. Heller*, 475 U.S. 796, 798-99 (1986); *see also Alpha v. Hooper*, 440 F. 3d 670, 672 (5th Cir. 2006). Harris County refers the Court to exhibit B, the body worn camera footage of Cannon. If the Court determines that Cannon did not deprive Plaintiff of his constitutional rights, then Plaintiff's municipal liability claims against the County necessarily fail as a matter of law and must be dismissed. *Heller*, 475 U.S. at 798-799.

**C.    Conclusion**

31.    For the reasons stated herein, there is no genuine issue of material fact as to any of Plaintiff's allegations against the County. The County is therefore, entitled to summary judgment as a matter of law. Accordingly, summary judgment should be granted on behalf of Harris County.

WHEREFORE, PREMISES CONSIDERED, Defendant HARRIS COUNTY prays that this Court grant its motion for summary judgment as to all of Plaintiff's claims against it, enter a final judgment of dismissal and for all other relief to which this defendant is justly entitled.

Dated: November 15, 2024.

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST
ASSISTANT

**NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION, EMPLOYMENT, &
REAL ESTATE DIVISIONS


By:   */s/ James C. Butt*
     **JAMES C. BUTT**
     Assistant County Attorney
     ATTORNEY-IN-CHARGE
     State Bar No. 24040354
     Fed. Bar No. 725423
     Phone:  (713) 274-5133 (direct)
     james.butt@harriscountytx.gov
     **GREGORY BURNETT**
     Assistant County Attorney
     ATTORNEY TO BE NOTICED
     State Bar No. 24057785
     Fed. Bar No. 3785139
     Tel: (713) 274-5224 (direct)
     gregory.burnett@harriscountytx.gov


     **OFFICE OF THE HARRIS COUNTY**
     **ATTORNEY**
     1019 Congress
     Houston, Texas 77002

     **ATTORNEY FOR DEFENDANT**
     **HARRIS COUNTY**

## CERTIFICATE OF WORD COUNT

I certify that the word count for this motion, excluding case caption, table of content, table of authorities, signature block and certificates, is 3,199.

*/s/ James C. Butt*
James C. Butt

## CERTIFICATE OF CONFERENCE

I certify that on  November 7, 2024 I conferred via email and telephone with UA Lewis regarding the motion for summary judgment to be filed by Harris County. She advised by email on November 7, 2024 that Plaintiff opposes the relief sought.

*/s/ James C. Butt*
James C. Butt

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this certificate is attached was filed with the clerk of the court using CM/ECF system, which will send electronic notification for those attorneys of record who receive electronically filed documents.

*/s/ James C. Butt*

James C. Butt