IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE ANTHONY ALANIZ, PLAINTIFF, | § Civil Action No.: 4:22-cv-1991 |
| | § |
| V. | § JURY DEMANDED |
| | § |
| | § |
| HARRIS COUNTY, TEXAS, | § |
| SHERIFF ED GONZALEZ, | § |
| DEPUTY MATTHEW | § |
| STENSLAND, , | § |
| DEFENDANTS. | § |

## MOTION TO RECONSIDER RULE 60(b)(1) & 60(b)(2)

To The Honorable. District Judge Charles Eskridge,

Plaintiff files this motion for reconsideration on legal issues overlooked by this Court and would show this Court the following:

## INTRODUCTION

This Court misapplied Monell standards by ignoring evidence of a practice of *officer-initiated* arrests that relied solely on deputies' allegations, not just any arrest, but *officer-initiated* arrests, were criminal charges later dismissed for lack of probable cause, and involved no civilian complainant. Harris County took no disciplinary action despite cases involving Deputy Cannon and other deputies showing a clear pattern and practice of officer initiated arrests without probable cause. The absence of a policy to review such arrests, or the failure to enforce it, constitutes deliberate indifference and is the moving force behind Alaniz's injury.

The court further erred by granting summary judgment on the false arrest claims of Alaniz based on alleged crime of resisting arrest when "resistance" was never raised by the officer or supported by summary judgment evidence. The Court must view the evidence in the light most favorable to the nonmovant. Ion v. Chevron USA, Inc., 731 F.3d 379, 389 (5th Cir. 2013). "Moreover, a court must draw all reasonable inferences in favor of the nonmoving party and may not make credibility determinations or weigh the evidence." Id. And if there appears to be some support for disputed allegations, such that "reasonable minds could differ as to the import of the evidence," the Court must deny the motion for summary. Anderson, 477 U.S. at 250. Summary judgment cannot be granted. The arrest was admitted by Cannon to be based on non-criminal conduct. Summary judgment was inappropriate. This case arises from the alleged wrongful arrest and excessive force injuries experienced by a disabled man, Joe Anthony Alaniz, by Harris County Deputy Cannon, a Harris County Sheriff Deputy with a well-documented pattern of initiating arrests without probable cause based solely on his own narrative, and admission in this case of the arrest being based on Alaniz not moving fast enough to follow his order to hurry up and get on his bike (rather than walk his bike). On the day in question, Alaniz, a disabled man wearing visible medical alert bracelets, indicating his disability, was standing outside in an open field when he was approached by Cannon. Without reasonable suspicion or any reported criminal offense, Cannon ordered Alaniz to get on his bicycle and drive through an open field with rocks, broken cement, and high grass. When Alaniz hesitated and failed to meet Cannon's arbitrary countdown deadline, Cannon, without warning of any consequences placed handcuffs on Alaniz's right wrist, forcibly took him to the ground (where Alaniz fell on top

of his left arm) and finished handcuffing him. Alaniz was never threatening movement or physical resistance, no twisting, kicking, evasive movement, body tension, not flailing, punching, or pulling away. He was non-combative, and overall compliant posture, although not as quick acting as Cannon would prefer from the disabled man.

Cannon later admitted that the detention was due solely to Alaniz "not moving fast enough" and "not getting on the bike." No charges were ever filed at all, and particularly based on civilian complaints or other corroborating evidence. The interaction was captured on video, which shows no threatening or criminal conduct by Alaniz.

Cannon's body-worn camera footage powerfully supports the lack of probable cause for detention or arrest, as well as, the lack of resistance sufficient to justify a crime. The disability medical alert bracelets he wore are clearly visible from Cannon's body worn video as well. The problem is was that Cannon had zero training on what the disability bracelets represented therefore he was unable to accommodate Mr. Alaniz or any person with a medical alert bracelet if necessary, because that is also a gap in training that exists in Harris County. Cannon received no training on recognizing accommodating those with disabilities .

Despite the foregoing, this Court granted summary judgment in favor of Cannon and Harris County.

Plaintiff brought claims under 42 U.S.C. §1983 for false arrest, excessive force and Monell liability. He submitted evidence that Harris County deputies, including defendant Cannon, had previously made at least 22 officer-initiated arrests that were later dismissed for lack of probable cause, all without civilian witnesses and based solely on the deputies' word, a clear training issue at the least or malicious conduct by trained officers. Harris County

never disciplined Cannon for any of his dismissed arrests even after an investigation, nor does Harris County deny the allegation that it never disciplined any officers for arrests they initiated, essentially falsified or based on poor training.

This Court rejected the Monell claim, finding that Plaintiff failed to contextualize these dismissals and offered insufficient evidence of a policy as it failed to overcome summary judgment requiring genuine issues of material facts that Harris County has a practice of allowing arrests based on officer initiated criminal complaints that are later dismissed for lack of probable cause. It also dismissed the false arrest claim against Cannon, relying on a theory of "passive resistance" not asserted by the officer himself and not documented in any report or investigation.

## LEGAL STANDARD

Relief under Rule 60 is an extraordinary remedy. A Rule 60(b) motion must demonstrate (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; or (6) any other reason that justifies relief. Reconsideration is not appropriate where a motion merely rehashes arguments already considered and rejected.

## ISSUES FOR RECONSIDERATION

1. Whether This Court erred in its inadvertence of a viable false arrest claim against Deputy Cannon, despite Cannon's admission that the arrest was based on non-criminal conduct and the lack of any evidence that Plaintiff resisted arrest to support a crime.

2.Whether this Court erred in dismissing Plaintiff's Monell claims requiring a written policy despite unrebutted evidence of a repeated, unaddressed practice of deputies false arrest, who either fabricated charges or lacked the competence to establish probable cause, resulting in

repeated false arrest followed by dismissals, a recurring pattern of a narrow class of officer-initiated arrests where Harris County's policymaker knew or should have known.

3. Whether This Court erred in granting summary judgment to Harris County on Plaintiff's Monell claim by requiring trial-level statistical proof and failing to consider a targeted policy failure concerning officer-initiated arrests based solely on uncorroborated officer allegations.

## SUMMARY OF THE ARGUMENT

This is not a typical failure-to-discipline case involving general misconduct. Monell standards were inadvertently misapplied by ignoring evidence of a **pattern and practice** (not a policy) of the narrow class of officer-initiated arrests that relied solely on deputies' allegations, were later dismissed for lack of probable cause, and involved no civilian complainant. Harris County took no disciplinary or corrective action despite hundreds of such cases involving Deputy Cannon and other deputies, demonstrated by over 22 unrebutted arrest submitted to support the practice. Ex. A.  The absence of a policy to review such particular arrests, or the failure to enforce it, constitutes deliberate indifference and is the moving force behind Alaniz's injury as well. Mr. Alaniz's false arrest was preventable with training, or prior discipline of Cannon and other deputies.

A mistake in the law requires reconsideration. In excusing the arrest of Alaniz based on alleged "resistance" never raised by the defendant officer or supported by evidence the false arrest claim was wrongfully denied. The arrest was admitted by Cannon to be based on non-criminal conduct. Summary judgment was inappropriate on the false arrest issue and Monell Claims based specifically on officers abusing their authority to initiate arrest based

solely on their own statements, after a review of the evidence by an independent intermediary, later dismissed for lack of probable cause.

Harris County deputies, including Defendant Cannon, engaged in a pattern of wrongful "officer-initiated" arrests in which they were the only complaining witnesses, swore that a crime had occurred, and had those charges repeatedly dismissed by independent intermediaries for lack of probable cause or insufficient evidence to prosecute.

Plaintiff's Monell theory is, and always has been, specific: These arrests were not supported by third-party witnesses, forensic evidence, or objective evidence of criminal conduct. They were based solely on any retaliatory or truly incompetent officer's word, deputies acting as both "victim" and arresting officer, with no corroboration.

This pattern should have triggered internal review under basic law enforcement principles, and almost certainly under HCSO's own internal policy, especially when every arrest requires the officer to generate an arrest incident report that is submitted to Harris County directly and its policymaker by Gonzalez for review, a duty delegated especially multiple dismissals occurred involving the deputies, including Cannon. But it did not. And the failure to discipline deputies for this narrow class of wrongful arrests directly enabled Defendant Cannon and others that continue to date to engage in the exact same conduct against Plaintiff Alaniz. Plaintiff has sufficient evidence to overcome summary judgment on money claims for false arrest, in violation of the Fourth amendment.

## ARGUMENT

*Dismissing The False Arrest Claim Against Cannon Was Err*

## A. The Resistance Theory Was Contrived Post Hoc by Defense Counsel, While Cannon Admitted There Was No Criminal Conduct

Cannon testified that he arrested Alaniz for not moving fast enough and not getting on his bicycle. No statute criminalizes such conduct. Cannon never cited resistance or obstruction at the time of arrest. The internal affairs file corroborates this omission.

This Court's reliance on a conclusory attorney argument of "passive resistance" to support probable cause for an arrest is likewise unsupported by the record.[1] Alaniz never used force, or tried to shake off Cannon's detaining grip. It was introduced only by counsel after reviewing video footage, which also shows Alaniz was wearing disability alert bracelets. The alleged resistance is imperceptible and passive at best but after he was unlawfully detained.

Further, resistance is subjective, and clearly it was something Cannon, the only person who could truly determine the level of resistance, did not ever state was an issue with Mr. Alaniz's conduct. The resistance involved here does not support probable cause that he committed the crime of resisting arrest which neither this Court nor defendants defined under the Texas penal code to support the conclusion. See Tex. Penal Code § 38.03

---

[1] (a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another **by using force against the peace officer** or another. Tex. Penal Code § 38.03

### *The Monell Claim Summary Judgment Was Also a Reversible Error*

**A. The Pattern of dozens of Officer-Initiated Arrests without discipline, or retraining Shows a Custom of Constitutional Violations regardless of the size of the municipality that adequate training, supervision and discipline would cure.**

The plaintiff's evidence is not based on anecdote or speculation. He presented specific arrests involving multiple deputies, each dismissed by independent judicial officers for lack of probable cause. In each, the deputy was the sole witness with which no discipline was imposed. This reflects an entrenched custom of unconstitutional arrests within Harris County during the period that Ed Gonzalez was the elected sheriff and final policymaker for Harris County, precisely what Monell liability exists to remedy.

Plaintiff identified a narrow class of wrongful arrests made by Harris County deputies, including Cannon that followed the same pattern of the *officer initiated* arrests. Where officers acted as the sole complainant, and the charges were dismissed for lack of probable cause or evidentiary support. In each of the over 22 cases, there were no civilian witnesses or independent evidence, only the deputy's insufficient statements. Harris County never disciplined Cannon or any office after reviewing these arrests submitted to Harris County, including this arrest involving Alaniz. This is an ongoing persistent pattern within Harris County Sheriff's office by its deputies of this narrow class of wrongful arrests does not require a size of a county or agency for support of this practice, nor does the law require it be a policy. The summary judgment evidence plaintiff presented of over 22 dismissals of officer initiated arrests without probable cause, including this case, response to unlawful arrest was met with deliberate indifference by Harris County and its policymaker Ed

Gonzales, with testimony by witnesses, and the dozens of officers that have a practice of arrest without probable cause.

It was not only Cannon but dozens of other officers prior to Cannon's latest conduct involving Mr. Alaniz who went without disciplinary action. Termination of a few officers with continued violations would send a strong message that unlawful arrests are not tolerated in Harris County's Sheriff's office. There are none. This practice is not random or isolated. It is systemic. The County's failure to discipline, investigate or supervise this narrow class of arrests constitutes deliberate indifference. *Connick v. Thompson,* 563 U.S. 51 (2011); *Valle v. City of Houston*, 613 F.3d 536 (5th Cir. 2010).

## B. The Summary Judgment Standards were Misapplied

This court required trial-level statistical analysis, context and evidence, despite this case showing unrebutted repeated unaddressed misconduct evidence. The defendants did not show a single shred of evidence that a single officer had been disciplined by Harris County after an arrest without probable cause based only on the officer's assertion. At summary judgment, Plaintiff need only raise a genuine dispute of material fact. *Tolan v. Cotton*, 572 U.S. 650 (2014). Whether the County's inaction in training, retraining, or disciplining its deputies, including Cannon for past malicious prosecution, and false arrest leading up to the false arrest of Alaniz was the moving force behind the injury is a jury question.

## C. The Court Overlooked the Critical Policy Failure

HCSO appears to lack any policy requiring internal review of officer-initiated arrests made without third-party complaint or corroboration. Such a gap has allowed Harris County

deputies to act as judge, and jury. If such a policy exists, it was not enforced. Either failure supports Monell liability, and if presented to a jury a reasonable jury could conclude that Harris County's lack of policy was the moving force behind Alaniz's violation.

## **CONCLUSION**

Plaintiff raised genuine issues of material fact as to both his false arrest and the County's Monell liability. The court has overlooked key legal distinctions, and resolved credibility questions in Defendants' favor.

For the foregoing reasons, Plaintiff respectfully requests that the Court: Reconsider its Order granting summary judgment to Defendant Harris County; Recognize the distinct Monell theory of liability based on HCSO's failure to discipline officer-initiated arrests later dismissed for lack of probable cause, which the defendants failed to address, acknowledge the viable false arrest claim against Deputy Cannon remains, based on his own testimony and video evidence, allow this claim to proceed to trial, where a jury can determine whether Harris County's failures were the moving force behind the constitutional injury suffered by Alanez.

Respectfully submitted,
THE LEWIS LAW GROUP PLLC
By: /s/ U.A. Lewis
U.A. Lewis
Federal Bar ID No. 1645666
State Bar No. 24076511
P.O. Box 27353
Houston, TX 77227

(713) 570-6555
Myattorneyatlaw@gmail.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to each counsel of record through ECF on the date of this filing.

/s/ U.A. Lewis

U.A. Lewis